An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FOO LUM LEE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62727

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a "motion to set aside the judgment of conviction and guilty plea agreement and habeas corpus petition and notice of motion." Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

On appeal from the denial of his motion filed on September 2, 2012, appellant claims that the district court erred in denying his claims that his plea was invalid and he received ineffective assistance of counsel. A guilty plea is presumptively valid, and a petitioner carries the burden of establishing that the plea was not entered knowingly and intelligently. *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); *see also Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). Further, this court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion. *Hubbard*, 110 Nev. at 675, 877 P.2d at 521. In determining the validity of a guilty plea, this court looks to the totality of the circumstances. *State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000); *Bryant*, 102 Nev. at 271, 721 P.2d at 367. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must

*14-23805*

demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant claims that his plea was not knowing and voluntary and that trial counsel was ineffective because counsel failed to inform him that he would be deported when he was convicted of forgery. He claims that trial counsel only informed him that he might be deported rather than that he would be deported. Appellant fails to demonstrate that his plea was not knowing and voluntary or that trial counsel was deficient or that he was prejudiced.

In *Padilla v. Kentucky*, the U.S. Supreme Court concluded that

> [w]hen the law is not succinct and straight forward . . . , a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear . . . , the duty to give correct advice is equally clear.

559 U.S. 356, 369 (2010). Trial counsel testified at the evidentiary hearing that it was her practice to tell every noncitizen she represents that they will be deported if they plead guilty. This advice satisfied the

requirements of *Padilla*. Further, appellant's plea agreement informed him that he will likely be deported if he was a noncitizen and appellant informed the court at his change of plea hearing that he read and understood the plea agreement. At the evidentiary hearing, appellant stated that trial counsel had discussed the immigration consequences paragraph of the plea agreement with him. Therefore, he fails to demonstrate that his plea was not knowing and voluntary because the immigration consequences were explained to him.

Further, appellant fails to demonstrate prejudice because he fails to demonstrate a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Appellant received a large benefit from pleading guilty because he was originally charged with three felonies but was able to plead guilty to one and was given probation. Therefore, the district court did not err in denying the motion, and we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc: Hon. Valorie J. Vega, District Judge
Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk